SLIP OPINION

Cite as 2015 Ark. 455

# SUPREME COURT OF ARKANSAS

No. CR-91-245

| | |
|---|---|
| FRANK FRANKLIN<br><br>                                    PETITIONER<br><br>V.<br><br><br>STATE OF ARKANSAS<br><br>                                    RESPONDENT | Opinion Delivered December 3, 2015<br><br>PRO SE PETITION TO REINVEST JURISDICTION IN THE TRIAL COURT TO CONSIDER A PETITION FOR WRIT OF ERROR CORAM NOBIS AND MOTION TO OBJECT TO STATE'S RESPONSE TO PETITION [JEFFERSON COUNTY CIRCUIT COURT, NO. 35CR-90-147]<br><br><br><u>PETITION AND MOTION DENIED</u>. |

PER CURIAM

In 1991, petitioner Frank Franklin was found guilty by a jury of rape and sentenced as a habitual offender to 300 years' imprisonment. We affirmed. *Franklin v. State*, 308 Ark. 539, 825 S.W.2d 263 (1992).

Franklin subsequently filed in the trial court a pro se petition for postconviction relief pursuant to Arkansas Rule of Criminal Procedure 37.1 (1991). The petition was denied on the ground that it was not timely filed. Franklin lodged an appeal from the order in this court. The appeal was dismissed because Franklin had failed to file a brief. *Franklin v. State*, CR-94-1460 (Oct. 16, 1995) (per curiam order).

Now before us are Franklin's pro se petition to reinvest jurisdiction in the trial court to consider a petition for writ of error coram nobis in the case and his motion to object to the State's response to the petition. The petition for leave to proceed in the trial court is necessary because the trial court can entertain a petition for writ of error coram nobis after a judgment has

SLIP OPINION

been affirmed on appeal only after we grant permission. *Newman v. State*, 2009 Ark. 539, 354 S.W.3d 61. A writ of error coram nobis is an extraordinarily rare remedy. *State v. Larimore*, 341 Ark. 397, 17 S.W.3d 87 (2000). Coram-nobis proceedings are attended by a strong presumption that the judgment of conviction is valid. *Westerman v. State*, 2015 Ark. 69, at 4, 456 S.W.3d 374, 376.

The function of the writ is to secure relief from a judgment rendered while there existed some fact that would have prevented its rendition if it had been known to the trial court and which, through no negligence or fault of the defendant, was not brought forward before rendition of the judgment. *Newman*, 2009 Ark. 539, 354 S.W.3d 61. The petitioner has the burden of demonstrating a fundamental error of fact extrinsic to the record. *Roberts v. State*, 2013 Ark. 56, 425 S.W.3d 771.

The writ is allowed only under compelling circumstances to achieve justice and to address errors of the most fundamental nature. *Id.* A writ of error coram nobis is available for addressing certain errors that are found in one of four categories: (1) insanity at the time of trial, (2) a coerced guilty plea, (3) material evidence withheld by the prosecutor, or (4) a third-party confession to the crime during the time between conviction and appeal. *Howard v. State*, 2012 Ark. 177, 403 S.W.3d 38.

In his petition, Franklin alleges that he was denied a speedy trial. He does not contend that there was some fact extrinsic to the record that prevented him from raising the issue at the time of trial.

Franklin has not stated a ground for the writ. An alleged speedy-trial violation is not a

SLIP OPINION

defect sufficient to void a judgment. *State v. Wilmoth*, 369 Ark. 346, 351, 255 S.W.3d 419, 423 (2007). We have specifically held that the mere assertion that the petitioner was denied a speedy trial is a claim of trial error, and, thus, it is not cognizable in a coram-nobis proceeding. *Rodgers v. State*, 2013 Ark. 294, at 2 (per curiam). By its very nature, a question of trial error could have been settled at trial and on the record on direct appeal. *Johnson v. State*, 2015 Ark. 170, at 4, 460 S.W.3d 790, 794 (per curiam). For that reason, allegations of trial error, even if of constitutional dimension, are not within the purview of a coram-nobis petition. *Grant v. State*, 2015 Ark. 323, at 3 (per curiam). Again, a coram-nobis proceeding is limited to the four categories set out above. *Gardner v. State*, 2011 Ark. 27, at 5 (per curiam).

Petition and motion denied.