SLIP OPINION

Cite as 2016 Ark. 43

# SUPREME COURT OF ARKANSAS.

No. CR-74-121

| | |
|---|---|
| WAYDE EARL STEWART a/k/a Wade Earl Stewart<br><br>PETITIONER<br><br>V.<br><br>STATE OF ARKANSAS<br><br>RESPONDENT | **Opinion Delivered** February 4, 2016<br><br>PRO SE PETITION TO REINVEST JURISDICTION IN THE TRIAL COURT TO CONSIDER A PETITION FOR WRIT OF ERROR CORAM NOBIS [PULASKI COUNTY CIRCUIT COURT, NO. 60CR-74-64]<br><br>PETITION DENIED. |

**PER CURIAM**

In 1974, petitioner Wayde Earl Stewart, who is also known as Wade Earl Stewart, and a codefendant, Tommy McGhee, were found guilty by a jury in the Pulaski County Circuit Court of murder in the first degree committed in the perpetration of an attempted robbery. Both men were sentenced to life imprisonment.[1] We affirmed. *Stewart v. State*, 257 Ark. 753, 519 S.W.2d 733 (1975).

Now before us is Stewart's pro se petition to reinvest jurisdiction in the trial court to consider a petition for writ of error coram nobis in the case. The petition for leave to proceed in the trial court is necessary because the trial court can entertain a petition for writ of error coram nobis after a judgment has been affirmed on appeal only after we grant permission. *Newman v. State*, 2009 Ark. 539, 354 S.W.3d 61. A writ of error coram nobis

---

[1]Stewart states that in 2005 his sentence was commuted to a term of 118 years' imprisonment.

is an extraordinarily rare remedy. *State v. Larimore*, 341 Ark. 397, 17 S.W.3d 87 (2000). Coram-nobis proceedings are attended by a strong presumption that the judgment of conviction is valid. *Westerman v. State*, 2015 Ark. 69, at 4, 456 S.W.3d 374, 376; *Roberts v. State*, 2013 Ark. 56, 425 S.W.3d 771.

The function of the writ is to secure relief from a judgment rendered while there existed some fact that would have prevented its rendition if it had been known to the trial court and which, through no negligence or fault of the defendant, was not brought forward before rendition of the judgment. *Newman*, 2009 Ark. 539, 354 S.W.3d 61. The petitioner has the burden of demonstrating a fundamental error of fact extrinsic to the record. *Roberts*, 2013 Ark. 56, 425 S.W.3d 771. The writ is allowed only under compelling circumstances to achieve justice and to address errors of the most fundamental nature. *Id.* A writ of error coram nobis is available for addressing certain errors that are found in one of four categories: (1) insanity at the time of trial, (2) a coerced guilty plea, (3) material evidence withheld by the prosecutor, or (4) a third-party confession to the crime during the time between conviction and appeal. *Howard v. State*, 2012 Ark. 177, 403 S.W.3d 38.

Evidence adduced at trial reflected that Stewart and McGhee went to the victim's apartment to take drugs from him. Stewart was armed with a sawed-off shotgun and McGhee carried a .38-caliber pistol. A witness testified that he saw McGhee pull his pistol on the victim, who raised his hands. Stewart then jumped over a porch railing, and the shotgun discharged, striking the victim in the chest. The witness immediately heard several small-caliber shots. Another witness, who was living with the victim, testified that she heard one loud shot and three other shots, and the victim ran into the apartment. The victim

spontaneously told her that one man had flashed money in his face, then the other had jumped onto the porch and shot him with a shotgun, and the first man had shot him with a pistol.

The victim was admitted to the hospital with a shotgun blast to the chest and pistol wounds to his wrist and knee. Following removal of one lung, the victim was placed in intensive care. Five days later, additional surgery was performed to remove several ribs to curtail infection. After five more days in intensive care, the victim died. Without notification to the state medical examiner, the victim was partially embalmed before an autopsy was performed by an anatomical pathologist, who had performed over 300 autopsies in his career. The pathologist testified that the victim died from a blood clot in the pulmonary artery and that the clot resulted either from the surgery or the gunshot wound that necessitated the surgery. Needle marks were found on the victim's legs, which Stewart and McGhee contended indicated that the victim was a drug user. The doctor testified that an improper injection of drugs could have caused the death and that the embalming procedure could have nullified the presence of drugs. The victim's personal physician testified that in his opinion, the blood clot that caused the victim's death was secondary to the gunshot wound to the chest.

Stewart and McGhee gave separate written statements to the police. Stewart admitted that he had been armed with a shotgun and that he had gone to the victim's residence with McGhee with the intent to rob him. McGhee wrote that he, while armed with a pistol, went with Stewart and other persons to the apartment, told the victim that they wanted drugs, that someone in the group said that they would take the drugs if the

victim would not give the drugs to them, and that a shotgun blast followed. McGhee also said that the pistol had gone off, but he did not know where the bullets had struck. This court held on direct appeal that there was sufficient evidence to sustain the judgment that Stewart and McGhee committed murder in an attempt to perpetrate a robbery. *Stewart*, 257 Ark. 753, 755, 519 S.W.2d 733, 735.

As grounds for a writ of error coram nobis, Stewart alleges that the State withheld evidence from the defense at trial in violation of *Brady v. Maryland*, 373 U.S. 83 (1963). Stewart contends that the following evidence is at issue: (1) opinion evidence, provided by the doctors, that prejudiced him; (2) inadmissible evidence that was permitted into the record; (3) evidence that did not "adhere" to the cause of death, that is, evidence that death resulted from the victim's own misconduct and not the gunshot wound to his chest; (4) evidence that the body was quickly and illegally embalmed, which masked the actual cause of death; (5) evidence that was misleading and confusing; (6) evidence that was insufficient to prove that a blood clot caused the victim's death; (7) evidence provided by the victim's girlfriend that, at a time when he had been released from the hospital after fully recovering from the gunshot wound, she injected him with drugs and that the blood clot was the result of the injection. A review of the *Brady* claims suggests that Stewart has misconstrued the nature of a *Brady* violation and the purpose of a coram-nobis proceeding.

A *Brady* violation is established when material evidence favorable to the defense is wrongfully withheld by the State. *Isom v. State*, 2015 Ark. 225, 462 S.W.3d 662. In *Strickler v. Greene*, 527 U.S. 263 (1999), the Supreme Court revisited *Brady* and declared that, when the petitioner contends that material evidence was not disclosed to the defense, the

petitioner must show that "there is a reasonable probability that, had the evidence been disclosed to the defense, the result of the proceeding would have been different." *Strickler*, 527 U.S. at 280 (quoting *United States v. Bagley*, 473 U.S. 667, 682 (1985)). To determine whether the proposed attack on the judgment is meritorious so as to warrant the granting of permission to reinvest jurisdiction in the trial court to pursue a writ of error coram nobis, this court looks to the reasonableness of the allegations of the petition and to the existence of the probability of the truth to those claims. *Isom*, 2015 Ark. 225, 462 S.W.3d 662.

Here, there was clearly no violation of *Brady* because Stewart has not shown that there was any evidence withheld from the defense; rather, the evidence he discusses in his petition was clearly known at the time of trial. He has fallen far short of establishing there was some material evidence withheld that would have prevented rendition of the judgment had it been known at the time of trial. *See Isom*, 2015 Ark. 225, 462 S.W.3d 662.

Stewart next makes the conclusory statement that he has never been legally competent. If the allegation can be said to be an assertion of insanity at the time of trial, Stewart has presented no facts sufficient to demonstrate that there was information not known at the time of trial, or which could not have been known at the time of trial, that could have established that he was incompetent to proceed. The application for coram-nobis relief must make a full disclosure of specific facts relied upon as the basis for the writ inasmuch as statements that are not supported by facts are not a ground for the writ. *Noble v. State*, 2015 Ark. 215, at 3, 462 S.W.3d 341, 344 (per curiam).

Throughout his petition, Stewart argues that the trial court erred by accepting inadmissible evidence into the record and by committing numerous other errors. Trial

error, by its very nature, is an issue that could have been settled at trial and on the record on direct appeal. *Johnson v. State*, 2015 Ark. 170, at 4, 460 S.W.3d 790, 794 (per curiam). For that reason, allegations of trial error, even of constitutional dimension, are not within the purview of a coram-nobis proceeding. *Grant v. State*, 2015 Ark. 323, at 3, 469 S.W.3d 356, 358 (per curiam). Again, a coram-nobis proceeding is limited to the four categories set out above. *Franklin v. State*, 2015 Ark. 455, at 3 (per curiam).

Stewart, who concedes that he shot the victim, also contends repeatedly that the evidence was insufficient to sustain the judgment of conviction and that it was a violation of the Eighth Amendment prohibition against cruel and unusual punishment to convict him on inadmissible, insufficient evidence. He particularly argues that the cause of death was not proven to be the gunshot wound to the victim's chest, and he asks this court to appoint an attorney to represent him and order the victim's body to be exhumed for further testing to prove his actual innocence. These assertions do not state a ground for the writ. The sufficiency of the evidence is not an issue cognizable in coram-nobis proceedings. *Ventress v. State*, 2015 Ark. 181, at 6 (per curiam). Whether the evidence supports the judgment is a question to be addressed at trial, and coram nobis does not provide a second opportunity to challenge the evidence. *See Bond v. State*, 2015 Ark. 470 (per curiam).

Finally, Stewart raises numerous claims of ineffective assistance of counsel in his petition. The allegations are also not within the scope of a coram-nobis proceeding. Assertions of inadequate counsel are properly brought pursuant to Arkansas Rule of Criminal Procedure 37.1. *Noble v. State*, 2015 Ark. 141, at 8, 460 S.W.3d 774, 779. We

have consistently held that a petition for writ of error coram nobis is not a substitute for raising claims of ineffective assistance of counsel under Rule 37.1.  *Id.*

Petition denied.