SLIP OPINION

Cite as 2017 Ark. 75

# SUPREME COURT OF ARKANSAS.
No. CR–10–206

| | |
|---|---|
| TIMOTHY MACK CLEMMONS<br>PETITIONER<br><br>V.<br><br>STATE OF ARKANSAS<br>RESPONDENT | **Opinion Delivered** March 2, 2017<br><br>PRO SE PETITION TO REINVEST JURISDICTION IN THE TRIAL COURT TO CONSIDER A PETITION FOR WRIT OF ERROR CORAM NOBIS<br>[PULASKI COUNTY CIRCUIT COURT NO. 60CR-07-1305]<br><br>PETITION DENIED. |

## PER CURIAM

Petitioner Timothy Mack Clemmons was found guilty of multiple counts of unlawful discharge of a firearm from a vehicle for firing shots at the home of his ex-girlfriend, one of which severely injured a child. He was sentenced to a total of 864 months' imprisonment, which included a term of 96 months imposed as a firearm enhancement. The Arkansas Court of Appeals affirmed. *Clemmons v. State*, 2010 Ark. App. 810. Now before this court is Clemmons's pro se application to reinvest jurisdiction in the trial court to consider a petition for writ of error coram nobis.

The petition for leave to proceed in the trial court is necessary because the trial court can entertain a petition for writ of error coram nobis after a judgment has been affirmed on appeal only after we grant permission. *Roberts v. State*, 2013 Ark. 56, at 11, 425 S.W.3d 771, 778. A writ of error coram nobis is an extraordinarily rare remedy. *Id.* Coram nobis proceedings are attended by a strong presumption that the judgment of conviction is valid.

SLIP OPINION

*Id*.; *Westerman v. State*, 2015 Ark. 69, at 4, 456 S.W.3d 374, 376. The function of the writ is to secure relief from a judgment rendered while there existed some fact that would have prevented its rendition if it had been known to the trial court and which, through no negligence or fault of the defendant, was not brought forward before rendition of the judgment. *Roberts*, 2013 Ark. 56, at 11, 425 S.W.3d at 778. The petitioner has the burden of demonstrating a fundamental error of fact extrinsic to the record. *Id.*

The writ is allowed only under compelling circumstances to achieve justice and to address errors of the most fundamental nature. *Id.* A writ of error coram nobis is available for addressing certain errors that are found in one of four categories: (1) insanity at the time of trial, (2) a coerced guilty plea, (3) material evidence withheld by the prosecutor, or (4) a third-party confession to the crime during the time between conviction and appeal. *Id.*; *Howard v. State*, 2012 Ark. 177, 403 S.W.3d 38.

The evidence adduced at Clemmons's trial demonstrated that five shots were fired at the home of his ex-girlfriend immediately after they had been engaged in an angry telephone conversation. The telephone call ended upon the shots being fired, and Clemmons did not call back or answer his telephone when called. The investigating officers discovered four shell casings in the street outside his ex-girlfriend's home. An eyewitness testified that the shots were fired from a dark car with tinted windows that was parked at the side of the house and that sped off afterward. Based on statements given to investigators by his ex-girlfriend, officers went to Clemmons's home where they found that his car, a black Honda Accord with tinted windows, was still warm to the touch, and after searching that car, investigators discovered a shell casing on the floorboard behind the driver's seat. A ballistics

expert testified that the shell casing found in Clemmons's car had been fired from the same gun as the casings found in the street outside the home of his ex-girlfriend. In addition, the ballistics expert testified that live ammunition found in Clemmons's garage matched the shell casings found at the scene and in his car. The court of appeals found that the above-cited evidence substantially supported the conviction. *Clemmons*, 2010 Ark. App. 810, at 2–3.

On direct appeal, Clemmons argued, among other things, that conflicts in statements provided by investigators demonstrated that the consent to search his vehicle and premises was invalid. Based on a de novo review of the evidence supporting the validity of the search, the court of appeals held that the consent was voluntary and was not the product of coercion or duress. *Id.* at 4.

In his pro se petition for coram nobis relief, Clemmons makes numerous conclusory allegations that investigators, particularly Officer Brewer, gave false and misleading testimony to the court and to the jury. Specifically, Clemmons contends that Brewer's testimony that a shell casing was discovered in Clemmons's car and that the hood of his car was warm to the touch was fabricated. Clemmons further asserts that statements from investigating officers describing events surrounding Clemmons's consent to a search were contradictory and unbelievable.

To the extent that the allegations concerning the veracity of the testimony provided by investigating officers, including Officer Brewer, are intended as a claim that the evidence was insufficient to sustain the judgment, issues concerning the sufficiency of the evidence or the credibility of witnesses are issues to be addressed at trial. *Sims v. State*, 2012 Ark. 458,

SLIP OPINION

at 3 (per curiam). Challenges to the sufficiency of the evidence are not cognizable in coram nobis proceedings. *Ventress v. State*, 2015 Ark. 181, at 6, 461 S.W.3d 313, 317 (per curiam). This court has held that a petitioner's allegation that a witness gave false testimony at trial does not give rise to a showing of fundamental error that requires issuance of the writ. *Evans v. State*, 2016 Ark. 377, at 6–7, 501 S.W.3d 819, 823 (per curiam); *see also Wallace v. State*, 2015 Ark. 349, at 12, 471 S.W.3d 192, 200 (per curiam). A coram nobis proceeding is not a means merely to contradict a fact already adjudicated in the trial court. *See Stenhouse v. State*, 2016 Ark. 295, at 4, 497 S.W.3d 679, 682 (per curiam).

Clemmons also contends that his right to a speedy trial was violated in that he was brought to trial two years after his arrest. An alleged speedy-trial violation is not a defect sufficient to void a judgment. *Franklin v. State*, 2015 Ark. 455, at 2–3, 476 S.W.3d 786, 787 (per curiam) (citing *State v. Wilmoth*, 369 Ark. 346, 351, 255 S.W.3d 419, 423 (2007)). We have specifically held that the mere assertion that the petitioner was denied a speedy trial is a claim of trial error, and, thus, it is not cognizable in a coram nobis proceeding. *Franklin*, 2015 Ark. 455, at 2–3, 476 S.W.3d at 787. By its very nature, a question of trial error could have been settled at trial and on the record on direct appeal. *Id.* For that reason, allegations of trial error, even if of constitutional dimension, are not within the purview of a coram nobis petition. *Id.*

Finally, Clemmons insists that police withheld evidence that was favorable to the accused; that the prosecutor knowingly used perjured testimony; that the prosecutor withheld discoverable material, including the conflicting and "staged testimony" of Officer Brewer; that the trial court erred by allowing the admission of conflicting testimony and

committed plain error by allowing Brewer to give false testimony regarding Clemmons's consent to search; and that the trial court refused to allow Clemmons the opportunity to challenge discrepancies in witness testimony. While Clemmons alleges that investigators as well as the prosecutor withheld favorable evidence, he fails to identify the specific nondisclosed evidence to which he refers. Clemmons also asserts that the prosecutor knowingly presented false testimony. Failure to disclose evidence favorable to the defense is a violation of *Brady v. Maryland*, 373 U.S. 83 (1963), and such an allegation falls within one of the four categories of coram nobis relief. However, this court is not required to take claims of a *Brady* violation in a coram nobis petition at face value without substantiation. *Ventress*, 2015 Ark. 181, at 5, 461 S.W.3d at 316–17. The application for coram nobis relief must make a full disclosure of specific facts relied upon. *Id*. Clemmons's unsupported allegations that investigators and the prosecutor failed to disclose favorable evidence does not establish that the alleged withheld evidence meets the threshold requirements of a *Brady* violation in that it was both material and prejudicial such as to have prevented rendition of the judgment had it been known at the time of trial. *Id*. (citing *Strickler v. Greene*, 527 U.S. 263, 280 (1999)).

It is petitioner's burden to demonstrate that there is a reasonable probability that the judgment of conviction would not have been rendered, or would have been prevented, had the information been disclosed at trial. *Id*. Clemmons offers no factual substantiation that material exculpatory evidence that would have prevented the rendition of the judgment had been withheld and has likewise failed to offer any substantiation of his other contention that the prosecutor suborned perjury. Again, assertions with no factual support do not justify

reinvesting jurisdiction in the trial court to consider a petition for writ of error coram nobis. *Ventress*, 2015 Ark. 181, at 5, 461 S.W.3d at 316–17. With respect to Clemmons's allegations that the trial court erred by admitting certain testimony, again, such claims are outside the purview of a coram nobis proceeding. *Franklin*, 2015 Ark. 455, at 2–3, 476 S.W.3d at 787.

Petition denied.