Cite as 2020 Ark. 299
# SUPREME COURT OF ARKANSAS
No. CR-96-428

| | | |
|---|---|---|
| LARRY RAYFORD | | **Opinion Delivered:** October 1, 2020 |
| | PETITIONER | |
| | | |
| V. | | PETITION FOR WRIT OF CERTIORARI OR MOTION TO RECALL MANDATE; |
| STATE OF ARKANSAS | | PRO SE MOTION TO AMEND |
| | RESPONDENT | PETITION FOR CERTIORARI OR MOTION TO RECALL THE MANDATE [ASHLEY COUNTY CIRCUIT COURT, NO. 02CR-93-18] |
| | | |
| | | <u>PETITION AND MOTION DENIED;</u> <u>MOTION TO AMEND DENIED</u>. |

**COURTNEY RAE HUDSON, Associate Justice**

Petitioner Larry Rayford brings this pro se petition for a writ of certiorari and, alternatively, a motion to recall the mandate. Also pending before this court is Rayford's motion to amend his petition and motion. Because Rayford has failed to demonstrate entitlement to the issuance of a writ of certiorari or to the recall of the mandate, we deny his petition and the alternative request to recall the mandate. Rayford's motion to amend is likewise denied.

A jury found Rayford guilty of capital murder and sentenced him to life imprisonment without parole. This court affirmed the judgment. *Rayford v. State*, 326 Ark. 656, 934 S.W.2d 496 (1996). Subsequently, Rayford sought postconviction relief without success under Arkansas Rule of Criminal Procedure 37.1 (1996), and in multiple error

coram nobis and habeas corpus proceedings.[1] Rayford's petition for certiorari and motion to recall the mandate likewise fail to state a claim for relief.

In his petition for certiorari and motion to recall the mandate, Rayford contends that there was a defect in his criminal proceedings in that Judge Sam Pope entered a posttrial order on October 18, 1995, over a year after Rayford's judgment of conviction was entered in January 1994. Judge Pope's order directed the court reporter to produce the record for direct appeal at public expense because Rayford was indigent and there had been an unusual delay in lodging the record. The order also reflects that Judge Pope had recused himself from any other matters pertaining to Rayford's conviction and appeal. Rayford contends that because Judge Pope was the prosecutor who had signed the information charging Rayford with the crime, the posttrial order signed by Judge Pope was void, and as a result, this court should quash the judgment of conviction or recall the mandate due to a defect in the appellate process. According to Rayford, Judge Pope did not have the authority to enter any orders in connection with Rayford's criminal proceedings in accordance with the Arkansas Code of Judicial Conduct.

---

[1] *Rayford v. State*, 2018 Ark. 183, 546 S.W.3d 475; *Rayford v. Kelley*, 2016 Ark. 462, 507 S.W.3d 483; *Rayford v. Hobbs*, 2014 Ark. 244; *Rayford v. State*, 2011 Ark. 86; *Rayford v. State*, CR-96-428 (Ark. Feb. 14, 2008) (unpublished per curiam); *Rayford v. State*, CR-07-651 (Ark. Nov. 8, 2007) (unpublished per curiam); *Rayford v. Norris*, CV-04-1171 (Ark. June 23, 2005) (unpublished per curiam) (original docket no. CR 04-1171); *Rayford v. State*, CR-96-428 (Ark. Mar. 4, 2004) (unpublished per curiam); *Rayford v. State*, CR-98-1322 (Ark. May 18, 2000) (unpublished per curiam).

Two requirements must be satisfied for this court to grant a writ of certiorari. *Pedraza v. Circuit Court of Drew Cty.*, 2013 Ark. 116, 426 S.W.3d 441. First, there can be no other adequate remedy but for the writ of certiorari. *Id.* Second, a writ of certiorari lies only where (1) it is apparent on the face of the record that there has been a plain, manifest, clear, and gross abuse of discretion, or (2) there is a lack of jurisdiction, an act in excess of jurisdiction on the face of the record, or the proceedings are erroneous on the face of the record. *Id.*

Certiorari will not be used for the correction of mere error when the right of other remedies has been lost due to the fault of the petitioner. *Gran v. Hale*, 294 Ark. 563, 745 S.W.2d 129 (1988); *see also Cooper Communities, Inc. v. Circuit Court of Benton Cty.*, 336 Ark. 136, 984 S.W.2d 429 (1999) (Certiorari will not lie when petitioners have failed to avail themselves of other adequate remedies at law.). Certiorari will not be used to reverse a trial court's discretionary authority, and a decision of recusal is a discretionary one. *Manila Sch. Dist. No. 15 v. Wagner*, 357 Ark. 20, 159 S.W.3d 285 (2004).

Rayford contends that Judge Pope's failure to recuse himself in a posttrial matter that was extraneous to the underlying judgment of conviction rendered the order signed by Judge Pope void and, in turn, invalidated the judgment of conviction. Rayford is mistaken.

Judge Pope entered an order favorable to Rayford for the purpose of preserving Rayford's right to appeal his conviction and recused himself from any further proceedings in Rayford's criminal appeal. Judge Pope's action in the matter was discretionary and is not subject to certiorari---particularly when the issue is raised years after the fact.

3

Disqualification is discretionary with the judge himself, and the decision will not be reversed absent some abuse of that discretion. *Woods v. State*, 278 Ark. 271, 644 S.W.2d 937 (1983). Judge Pope did not commit a gross and manifest abuse of discretion by entering an order designed to preserve Rayford's rights on appeal. *Pedraza*, 2013 Ark. 116, 426 S.W.3d 441. In any event, Rayford could have objected when Judge Pope entered the order. The disqualification of a judge may be waived by the failure to timely object. *Worth v. Benton Cty. Circuit Court*, 351 Ark. 149, 89 S.W.3d 891 (2002).

Finally, Rayford has presented no authority or convincing argument that a posttrial order pertaining to the preparation of a record on appeal and entered over a year after the judgment of conviction was entered and executed had any impact on the validity of that judgment. This court does not address arguments that are not supported by authority or convincing argument. *Montgomery v. State*, 367 Ark. 485, 241 S.W.3d 753 (2006).

The standard to recall a mandate is set out in *Nooner v. State*, 2014 Ark. 296, 438 S.W.3d 233, and that standard indicates that the three-factor test set out in *Robbins v. State*, 353 Ark. 556, 114 S.W.3d 217 (2003), remains relevant even though strict satisfaction is not required because this court has the inherent authority to recall its mandate in extraordinary circumstances. The three *Robbins* factors are as follows: (1) the presence of a defect in the appellate process, (2) a dismissal of proceedings in federal court because of unexhausted state-court claims, (3) an appeal in a death case that required heightened scrutiny. *Roberts v. State*, 2013 Ark. 56, 425 S.W.3d 771. This court will recall the mandate and reopen a case only in extraordinary circumstances that may be established through

4

consideration of these three factors. *Ward v. State*, 2015 Ark. 62, 455 S.W.3d 830. These factors are not necessarily to be strictly applied but serve as a guide in determining whether to recall a mandate. *Id.* The inherent power of an appellate court to recall its mandate should therefore be used sparingly as a last resort and is to be held in reserve against grave, unforeseen contingencies. *Nooner*, 2014 Ark. 296, 438 S.W.3d 233.

Rayford does not establish the criteria set forth in *Robbins* that would establish extraordinary circumstances sufficient to recall the mandate, most notably because the death penalty, which invokes a heightened scrutiny. was not imposed. *Turner v. State*, 2012 Ark. 357. A motion to recall the mandate is applicable to redress errors that this court made or overlooked while reviewing a case in which the death penalty was imposed. *Ward*, 2015 Ark. 61, 455 S.W.3d 818; *see also Bienemy v. State*, 2016 Ark. 312, 498 S.W.3d 288. Again, Rayford was not sentenced to death.

Furthermore, Rayford has not shown that this court overlooked an error during the appellate process that would have prejudiced the outcome of his case. Here, the order entered by Judge Pope was not the order of conviction that was the subject of his direct appeal; rather, it addressed an administrative matter regarding the preparation of the record on direct appeal and was not an order to be reviewed by this court as part of the appellate process. Finally, the harmless-error rules adopted by this court embody the principle that appellate courts should ignore errors that do not affect the essential fairness of the trial. *Berna v. State*, 282 Ark. 563, 670 S.W.2d 434 (1984) (citing *Kotteakos v. United States*, 328 U.S. 750, 759–60 (1946)). The order signed by Judge Pope did not in any way

5

affect Rayford's trial and conviction. Rayford has failed to demonstrate a defect in the appellate process because the order signed by Judge Pope was not the subject of the appeal and no prejudicial errors were overlooked by this court.

As stated above, Rayford has also filed a motion to amend his petition for certiorari and motion to recall the mandate. In his motion, Rayford contends that on direct appeal, this court was obligated to raise sua sponte the issue of Judge Pope's required recusal pursuant to Canon 2 of the Arkansas Code of Judicial Conduct. According to Rayford, this court's failure to raise the issue sua sponte represents a defect in the appellate process. Because the order signed by Judge Pope was not reviewed on direct appeal, this court was not obligated to raise an issue sua sponte with respect to an order that was not under appellate review.

Petition and motion denied; motion to amend denied.

*Larry Rayford*, pro se petitioner.

*Leslie Rutledge*, Att'y Gen., by: *Vada Berger*, Sr. Ass't Att'y Gen., for respondent.