

# SUPREME COURT OF ARKANSAS
No. CR-07-238

|  |  |  |
|---|---|---|
|  |  | **Opinion Delivered** February 20, 2014 |
| KENNY TRAVIS, JR. | PETITIONER | PRO SE PETITION TO REINVEST JURISDICTION IN THE CIRCUIT COURT TO CONSIDER A PETITION FOR WRIT OF ERROR CORAM NOBIS OR FOR OTHER RELIEF [MISSISSIPPI COUNTY CIRCUIT COURT, CHICKASAWBA DISTRICT, No. 47CR-06-202] |
| v. |  |  |
| STATE OF ARKANSAS | RESPONDENT |  |
|  |  | PETITION DENIED. |

**PER CURIAM**

In 2006, a jury found petitioner Kenny Travis, Jr., guilty of capital murder and aggravated robbery and sentenced him to an aggregate term of life without parole. This court affirmed. *Travis v. State*, 371 Ark. 621, 269 S.W.3d 341 (2007). Petitioner then timely filed in the trial court a pro se petition for postconviction relief under Arkansas Rule of Criminal Procedure 37.1 (2006) that was denied. We affirmed the order. *Travis v. State*, 2010 Ark. 341 (per curiam).

Petitioner has now filed a petition in this court requesting that jurisdiction be reinvested in the trial court so that he may proceed with a petition for writ of error coram nobis. A petition for leave to proceed in the trial court is necessary because the trial court can entertain a petition for writ of error coram nobis after a judgment has been affirmed on appeal only after we grant permission. *Hooper v. State*, 2014 Ark. 16 (per curiam); *Charland v. State*, 2013 Ark. 452 (per curiam); *Cromeans v. State*, 2013 Ark. 273 (per curiam); *Burks v. State*, 2013 Ark. 188 (per curiam).

A writ of error coram nobis is an extraordinarily rare remedy, more known for its denial than its approval. *Cromeans*, 2013 Ark. 273; *Howard v. State*, 2012 Ark. 177, 403 S.W.3d 38. The

SLIP OPINION

writ is allowed only under compelling circumstances to achieve justice and to address errors of the most fundamental nature. *McDaniels v. State*, 2012 Ark. 465 (per curiam). We have held that a writ of error coram nobis is available to address certain errors that are found in one of four categories: insanity at the time of trial, a coerced guilty plea, material evidence withheld by the prosecutor, or a third-party confession to the crime during the time between conviction and appeal. *Charland*, 2013 Ark. 452; *Cromeans*, 2013 Ark. 273; *Pitts v. State*, 336 Ark. 580, 986 S.W.2d 407 (1999) (per curiam). The function of the writ is to secure relief from a judgment rendered while there existed some fact that would have prevented its rendition if it had been known to the circuit court and which, through no negligence or fault of the defendant, was not brought forward before rendition of judgment. *McFerrin v. State*, 2012 Ark. 305 (per curiam); *Cloird v. State*, 2011 Ark. 303 (per curiam). The petitioner has the burden of demonstrating a fundamental error of fact extrinsic to the record. *Wright v. State*, 2014 Ark. 25 (per curiam); *Williams v. State*, 2011 Ark. 541 (per curiam). Coram-nobis proceedings are attended by a strong presumption that the judgment of conviction is valid. *Roberts v. State*, 2013 Ark. 56, ___ S.W.3d ___; *Carter v. State*, 2012 Ark. 186 (per curiam); *Penn v. State*, 282 Ark. 571, 670 S.W.2d 426 (1984) (citing *Troglin v. State*, 257 Ark. 644, 519 S.W.2d 740 (1975)).

As grounds for the writ, petitioner contends that the trial court erred in granting a defense motion for change of venue and moving the case to a circuit court in the same judicial district. The claim is not a ground for the writ. Clearly, an issue of trial error is an issue known at the time of trial that could have been addressed and settled at trial and on direct appeal. As such, it does not provide a ground to grant a writ of error coram nobis. *Croston v. State*, 2013

SLIP OPINION

Ark. 866 (per curiam); *Anderson v. State*, 2012 Ark. 270, ___ S.W.3d ___ (per curiam). This applies even to issues of trial error of constitutional dimension that could have been raised in the trial court. *Demeyer v. State*, 2013 Ark. 456; *Rodgers v. State*, 2012 Ark. 193 (per curiam); *Martin v. State*, 2012 Ark. 44 (per curiam).

To the extent that the complaint about the change of venue was intended to be an assertion that petitioner's trial attorney did not render effective assistance of counsel, allegations of ineffective assistance of counsel are outside the purview of a coram-nobis proceeding. *Wright*, 2014 Ark. 25; *Watts v. State*, 2013 Ark. 485 (per curiam); *see also Hall v. State*, 2013 Ark. 404 (per curiam). Allegations that trial counsel did not render the effective assistance guaranteed a criminal defendant by the Sixth Amendment are properly raised in a timely petition for postconviction relief pursuant to Rule 37.1. A petition for writ of error coram nobis is not a substitute for raising an issue under Rule 37.1. *Wright*, 2014 Ark. 25 (citing *State v. Tejeda-Acosta*, 2013 Ark. 217, ___ S.W.3d ___).

Petitioner asks in his petition that, if this court finds no ground to grant the petition, in the alternative, that the mandate issued on direct appeal be recalled. As grounds to recall the mandate, in addition to the trial error alleged in granting the change of venue, petitioner contends that his sentence to life imprisonment was a severe penalty that should be reviewed to afford him fundamental fairness. We find no good cause to recall the mandate in the case. This court will recall a mandate and reopen a case only in extraordinary circumstances. *Roberts*, 2013 Ark. 56, ___ S.W.3d ___; *see also, e.g.*, *Robbins v. State*, 353 Ark. 556, 114 S.W.3d 217 (2003). Petitioner's assertion of trial error and complaints concerning the length of the sentence imposed

SLIP OPINION

on him are not sufficient to demonstrate any extraordinary circumstances to warrant reopening the direct appeal of the judgment of conviction in this case.

Petition denied.

*Kenny Travis, Jr.*, pro se petitioner.

*Dustin McDaniel*, Att'y Gen., by: *Jake H. Jones*, Ass't Att'y Gen., for appellee.