SLIP OPINION

Cite as 2014 Ark. 288

# SUPREME COURT OF ARKANSAS

No. CR-08-408

| | |
|---|---|
| FREDRICK MASON, a/k/a FREDERICK DWAYNE MASON PETITIONER | Opinion Delivered June 19, 2014 |
| | PRO SE PETITION TO REINVEST JURISDICTION IN THE TRIAL COURT TO CONSIDER A PETITION FOR WRIT OF ERROR CORAM NOBIS [PULASKI COUNTY CIRCUIT COURT, NO. 60CR-07-1780] |
| V. | |
| STATE OF ARKANSAS RESPONDENT | |
| | PETITION DENIED. |

**PER CURIAM**

In 2007, petitioner Fredrick Mason, who is also known as Frederick Dwayne Mason, was found guilty of two counts of aggravated robbery, two counts of theft of property, and one count of second-degree battery. He was sentenced to serve an aggregate term of imprisonment of 660 months. The Arkansas Court of Appeals affirmed. *Mason v. State*, 2009 Ark. App. 794.

Petitioner has now filed a pro se petition in this court requesting that jurisdiction be reinvested in the trial court so that he may proceed with a petition for writ of error coram nobis. A request for leave to proceed in the trial court is necessary because the trial court can entertain a petition for writ of error coram nobis after a judgment has been affirmed on appeal only after we grant permission. *Burton v. State*, 2014 Ark. 44 (per curiam); *Charland v. State*, 2013 Ark. 452 (per curiam).

A writ of error coram nobis is an extraordinarily rare remedy, more known for its denial than its approval. *Cromeans v. State*, 2013 Ark. 273 (per curiam); *Howard v. State*, 2012 Ark. 177, 403 S.W.3d 38. The writ is allowed only under compelling circumstances to achieve justice and

to address errors of the most fundamental nature. *McDaniels v. State*, 2012 Ark. 465 (per curiam). We have held that a writ of error coram nobis is available to address certain errors that are found in one of four categories: insanity at the time of trial, a coerced guilty plea, material evidence withheld by the prosecutor, or a third-party confession to the crime during the time between conviction and appeal. *Charland*, 2013 Ark. 452; *Cromeans*, 2013 Ark. 273; *Pitts v. State*, 336 Ark. 580, 986 S.W.2d 407 (1999) (per curiam). The function of the writ is to secure relief from a judgment rendered while there existed some fact that would have prevented its rendition if it had been known to the trial court and which, through no negligence or fault of the defendant, was not brought forward before rendition of judgment. *McFerrin v. State*, 2012 Ark. 305 (per curiam); *Cloird v. State*, 2011 Ark. 303 (per curiam). The petitioner has the burden of demonstrating a fundamental error of fact extrinsic to the record. *Williams v. State*, 2011 Ark. 541 (per curiam). Coram-nobis proceedings are attended by a strong presumption that the judgment of conviction is valid. *Roberts v. State*, 2013 Ark. 56, ___ S.W.3d ___; *Carter v. State*, 2012 Ark. 186 (per curiam); *Penn v. State*, 282 Ark. 571, 670 S.W.2d 426 (1984) (citing *Troglin v. State*, 257 Ark. 644, 519 S.W.2d 740 (1975)).

As grounds for the writ, petitioner first focuses on the trial court's denial of a defense motion for continuance that was based on counsel's consideration of whether to call petitioner's brother, Nicholas Mason, as a witness for the defense.[1] Petitioner contends that his trial

---

[1] Petitioner has appended to this petition an unverified and undated statement signed by Nicholas Mason in which Nicholas states that the incident was not a robbery, that he alone assaulted the victim, and that he could have testified for the defense had the trial court granted a defense motion for a continuance. Petitioner does not appear to be contending that the statement appended to the petition was hidden from the defense. Instead, the crux of the claim is that there were sound grounds for the trial court to grant a continuance.

SLIP OPINION

attorney was remiss in failing to procure Nicholas's attendance at trial because Nicholas would have been a material witness for the defense. Petitioner further argues that counsel also erred in failing to object at trial to the State's having withheld from the defense the victim's statement and in failing to adequately represent him on direct appeal. In short, petitioner contends that he was not afforded effective assistance of counsel at trial and on direct appeal.

The allegations of ineffective assistance of counsel are outside the purview of a coram-nobis proceeding. *Wright v. State*, 2014 Ark. 25 (per curiam) (citing *State v. Tejeda-Acosta*, 2013 Ark. 217, ___ S.W.3d ___); *Watts v. State*, 2013 Ark. 485 (per curiam). Such claims are properly raised in a timely petition for postconviction relief pursuant to Arkansas Rule of Criminal Procedure 37.1 (2007). A petition for writ of error coram nobis is not a substitute for raising an issue under Rule 37.1. *Travis v. State*, 2014 Ark. 82 (per curiam).

Petitioner next contends that the trial judge was wrong to deny his motion for a continuance so that Nicholas could be brought to testify at petitioner's trial. The assertion that the trial court erred in its ruling on the motion does not provide a ground for issuance of a writ of error coram nobis. By its very nature, an issue concerning a trial court's ruling could have been settled in the trial court and on the record on direct appeal. Accordingly, the allegation that the trial court made a mistake in a ruling is not within the purview of a coram-nobis proceeding. *Philyaw v. State*, 2014 Ark. 130 (per curiam).

Petitioner raises one claim that fits within one of the four categories for coram-nobis relief. He alleges that the deputy prosecutor violated his right to due process under *Brady v. Maryland*, 373 U.S. 83 (1963), by withholding from the defense a statement made by the victim.

Failure to disclose evidence favorable to the defense in violation of *Brady*, if established, is cause to grant the writ. *Pitts*, 336 Ark. 580, 986 S.W.2d 407.

Petitioner's claim that the victim's statement was withheld is not persuasive because petitioner alleges that counsel was ineffective for not moving for a mistrial based on the *Brady* violation, suggesting that counsel knew about the statement at the time of trial. In *Strickler v. Greene*, 527 U.S. 263 (1999), the Supreme Court revisited *Brady* and declared that, when the petitioner contends that material evidence was not disclosed to the defense, the petitioner must show that "there is a reasonable probability that, had the evidence been disclosed to the defense, the result of the proceeding would have been different." 527 U.S. at 280 (quoting *United States v. Bagley*, 473 U.S. 667, 682 (1985)). In *Strickler*, the Court also set out the three elements of a true *Brady* violation: (1) the evidence at issue must be favorable to the accused, either because it is exculpatory, or because it is impeaching; (2) the evidence must have been suppressed by the State, either willfully or inadvertently; and (3) prejudice must have ensued. *Strickler*, 527 U.S. 263; *Buchanan v. State*, 2010 Ark. 285 (per curiam). Petitioner has not demonstrated that the victim's statement was favorable to the defense in any specific manner, that the statement was suppressed by the State, or that he was prejudiced. It is the petitioner's burden to show that the outcome of the proceeding would have been different had the victim's statement been provided to the defense, and his bare assertions concerning the statement with no factual support do not justify reinvesting jurisdiction in the trial court to consider a petition for writ of error coram nobis. *Charland*, 2013 Ark. 452.

Petition denied.

*Fredrick Mason*, pro se petitioner.

*Dustin McDaniel*, Att'y Gen., by: *Brad Newman*, Ass't Att'y Gen., for respondent.