SLIP OPINION

Cite as 2015 Ark. 170

# SUPREME COURT OF ARKANSAS

No. CR-01-1015

| | | |
|---|---|---|
| KEDRON JOHNSON | **PETITIONER** | **Opinion Delivered** April 16, 2015 |
| V. | | PRO SE SECOND PETITION TO REINVEST JURISDICTION IN THE TRIAL COURT TO CONSIDER A PETITION FOR WRIT OF ERROR CORAM NOBIS |
| STATE OF ARKANSAS | **RESPONDENT** | [PULASKI COUNTY CIRCUIT COURT, NO. 60CR-00-2710] |
| | | PETITION DENIED. |

## PER CURIAM

In 2001, petitioner Kedron Johnson was found guilty by a jury of rape and sentenced to 300 months' imprisonment. The Arkansas Court of Appeals affirmed. *Johnson v. State*, 80 Ark. App. 79, 94 S.W.3d 344 (2002). In 2008, petitioner filed in this court a pro se petition seeking leave to proceed in the trial court with a petition for writ of error coram nobis.[1] We denied the petition. *Johnson v. State*, CR-01-1015 (Ark. Dec. 19, 2008) (unpublished per curiam).

On February 18, 2015, petitioner filed the petition, which is now before us in which he again asks to have jurisdiction reinvested in the trial court to consider a coram-nobis petition. After a judgment has been affirmed on appeal, a petition filed in this court for leave to proceed in the trial court is necessary because the circuit court can entertain a petition for writ of error coram nobis only after we grant permission. *Dansby v. State*, 343 Ark. 635, 37 S.W.3d 599 (2001)

---

[1]When a judgment has been affirmed, a petition to reinvest jurisdiction in the trial court to consider a petition for writ of error coram nobis is docketed in this court under the docket number for the direct appeal.

SLIP OPINION

(per curiam). A writ of error coram nobis is an extraordinarily rare remedy, more known for its denial than its approval. *Cromeans v. State*, 2013 Ark. 273 (per curiam). The writ is allowed only under compelling circumstances to achieve justice and to address errors of the most fundamental nature. *McDaniels v. State*, 2012 Ark. 465 (per curiam). We have held that a writ of error coram nobis is available to address certain errors that are found in one of four categories: insanity at the time of trial, a coerced guilty plea, material evidence withheld by the prosecutor, or a third-party confession to the crime during the time between conviction and appeal. *Charland v. State*, 2013 Ark. 452 (per curiam). The function of the writ is to secure relief from a judgment rendered while there existed some fact that would have prevented its rendition if it had been known to the circuit court and which, through no negligence or fault of the defendant, was not brought forward before rendition of judgment. *Chestang v. State*, 2014 Ark. 477 (per curiam). The petitioner has the burden of demonstrating a fundamental error of fact extrinsic to the record. *Wright v. State*, 2014 Ark. 25 (per curiam). Coram-nobis proceedings are attended by a strong presumption that the judgment of conviction is valid. *Roberts v. State*, 2013 Ark. 56, 425 S.W.3d 771.

In his petition, petitioner contends that the prosecution withheld exculpatory evidence from the defense in violation of *Brady v. Maryland*, 373 U.S. 83 (1963). The evidence alleged to have been hidden was an audio recording of petitioner's interrogation by detectives who investigated the offense.

A *Brady* violation is established when evidence favorable to the defense is wrongfully withheld by the State. Such a violation is cause to grant the writ. *Pitts v. State*, 336 Ark. 580, 986

SLIP OPINION

S.W.2d 407 (per curiam). In *Strickler v. Greene*, 527 U.S. 263 (1999), the Supreme Court revisited *Brady* and declared that, when the petitioner contends that material evidence was not disclosed to the defense, the petitioner must show that "there is a reasonable probability that, had the evidence been disclosed to the defense, the result of the proceeding would have been different." 527 U.S. at 280 (quoting *United States v. Bagley*, 473 U.S. 667, 682 (1985)). In *Strickler*, the Court also set out the three elements of a true *Brady* violation: (1) the evidence at issue must be favorable to the accused, either because it is exculpatory or because it is impeaching; (2) the evidence must have been suppressed by the State, either willfully or inadvertently; and (3) prejudice must have ensued. *Strickler*, 527 U.S. 263; *Buchanan v. State*, 2010 Ark. 285 (per curiam). A brief account of the evidence adduced at trial is necessary to understand petitioner's claim of a *Brady* violation.

In June 2000, the victim, L.P., was kidnapped at gunpoint by two men as she left her job for the evening. The men placed her in the back seat of her vehicle and drove her to a house where she was repeatedly raped. L.P. had been at the house for five or six hours when she encountered the appellant, who also had sexual intercourse with her. L.P. was eventually released, and shortly thereafter she contacted the police. Petitioner, along with the other two men, was later arrested and charged with rape.

L.P. testified that she had never seen petitioner before and that when he came into the room where she was being held, she begged him not to rape her, but he did so anyway. Petitioner testified that he had been unaware that the victim had been abducted and that he had believed the intercourse with her to be consensual. On direct appeal, the court of appeals held

3

SLIP OPINION

that there was substantial evidence that petitioner was guilty of rape.

Petitioner contends in the coram-nobis petition that the recording of his interrogation by police was the best evidence to prove that the transcript of the interrogation was inaccurate and that the accurate recording could have exonerated him and impeached the investigating detectives and the testimony of the victim. He alleges that, at the pretrial omnibus hearing, the detectives said that there was no audio recording made of the interrogation. While petitioner claims that the audio recording would have been exculpatory, he does not state what specific information contained in the transcript was different from that contained in the recording.

Two police investigators testified in a pretrial hearing in petitioner's case that they interviewed petitioner for approximately an hour and then began audio taping the interview, a transcript of which was prepared from the tape recording. Petitioner testified at the hearing that the transcript was inaccurate and that there had been more than one tape recording made during the interrogation. Petitioner offered no proof in the hearing or at trial, and he offers no proof in this petition, that there had been more than one tape recording or that the transcript had been altered to conceal exculpatory evidence from the defense. Clearly, the defense was aware at the time of trial that petitioner contested the veracity of the police officers who testified concerning the tape recorded statement, the accuracy of the transcript of the statement, and the number of tapes made during the interrogation, and the matter could have been fully addressed at that time. This court is not required to take claims of a *Brady* violation in a coram-nobis petition at face value without substantiation. *Slocum v. State*, 2014 Ark. 491 (per curiam). The application for coram-nobis relief must make a full disclosure of specific facts relied upon. *Maxwell v. State*,

2009 Ark. 309. Petitioner's mere statements that there was another tape, or that the tape utilized at trial and the transcript of it were not accurate, do not establish that there was evidence withheld that meets the threshold requirements of a *Brady* violation that was both material and prejudicial such as to have prevented rendition of the judgment had it been known at the time of trial. It is petitioner's burden to demonstrate that there is a reasonable probability that the judgment of conviction would not have been rendered, or would have been prevented, had the information been disclosed at trial. *Wilson v. State*, 2014 Ark. 273 (per curiam).

Petitioner also argues that the trial court committed "plain error" by not suppressing the transcript and in other rulings on issues raised at trial. The mere assertion of error does not constitute a showing that that the audio recording was concealed from the defense. Rather, the allegation is a claim that the trial court erred in admitting evidence. Assertions of trial error are not cognizable in a coram-nobis proceeding. By their very nature, claims of trial error could have been settled at trial and on the record on direct appeal; therefore, allegations of trial error, even if of constitutional dimension, are not within the purview of a coram-nobis petition. *Id.*

Petitioner also contends that he was denied effective assistance of counsel at trial and perhaps on direct appeal. Allegations of ineffective assistance of counsel are also outside the purview of a coram-nobis proceeding. *Mason v. State*, 2014 Ark. 288, 436 S.W.3d 469 (per curiam). Such claims are properly raised in a timely petition for postconviction relief pursuant to Arkansas Rule of Criminal Procedure 37.1 (2001). A petition for writ of error coram nobis is not a substitute for raising an issue under Rule 37.1. *Travis v. State*, 2014 Ark. 82 (per curiam).

To the extent that the assertions advanced by petitioner in his petition could be

considered a claim that the evidence was insufficient to sustain the judgment, issues concerning the sufficiency of the evidence or the credibility of witnesses are not cognizable in coram-nobis proceedings. *Philyaw v. State*, 2014 Ark. 130 (per curiam). Those issues are to be settled at trial, and, when appropriate, on the record on direct appeal. *Id.*

Petition denied.

*Kedron Johnson*, pro se petitioner.

*Leslie Rutledge*, Att'y Gen., by: *Vada Berger*, Ass't Att'y Gen., for respondent.