SLIP OPINION

Cite as 2016 Ark. 377

# SUPREME COURT OF ARKANSAS

No. CR–03–944

| | | |
|---|---|---|
| MARCUS D. EVANS | PETITIONER | **Opinion Delivered** November 3, 2016 |
| V. | | PRO SE PETITION TO REINVEST JURISDICTION IN THE TRIAL COURT TO CONSIDER A PETITION FOR WRIT OF ERROR CORAM NOBIS AND MOTION TO SHOW CAUSE FOR SUBPOENA OF MATERIAL EVIDENCE [CHICOT COUNTY CIRCUIT COURT, NO. 09CR-02-178] |
| STATE OF ARKANSAS | RESPONDENT | |
| | | PETITION AND MOTION DENIED. |

## PER CURIAM

In 2003, in a bifurcated proceeding, a jury found petitioner Marcus D. Evans guilty of aggravated robbery, theft of property, and being a felon in possession of a firearm. He was sentenced as a habitual offender to an aggregate sentence of 300 months' imprisonment and ordered to pay $14,000 in restitution. The Arkansas Court of Appeals affirmed. *Evans v. State*, No. CR-03-944 (Ark. App. Apr. 14, 2004) (unpublished) (original docket no. CACR 03-944).

On August 16, 2016, Evans filed the pro se petition that is now before us in which he seeks reinvestment of jurisdiction in the trial court to consider a petition for writ of error coram nobis in the case. He subsequently filed a pro se motion to subpoena evidence to support his claim that he was misidentified as the perpetrator of the offenses. We find no ground stated that warrants issuance of the writ and deny the petition and the motion.

SLIP OPINION

The function of the writ is to secure relief from a judgment rendered while there existed some fact that would have prevented its rendition if it had been known to the trial court and which, through no negligence or fault of the defendant, was not brought forward before rendition of the judgment. *Newman v. State*, 2009 Ark. 539, 354 S.W.3d 61. The petitioner has the burden of demonstrating a fundamental error of fact extrinsic to the record. *Roberts v. State*, 2013 Ark. 56, 425 S.W.3d 771.

The writ is allowed only under compelling circumstances to achieve justice and to address errors of the most fundamental nature. *Id.* A writ of error coram nobis is available for addressing certain errors that are found in one of four categories: (1) insanity at the time of trial, (2) a coerced guilty plea, (3) material evidence withheld by the prosecutor, or (4) a third-party confession to the crime during the time between conviction and appeal. *Howard v. State*, 2012 Ark. 177, 403 S.W.3d 38.

The petition for leave to proceed in the trial court is necessary because the trial court can entertain a petition for writ of error coram nobis after a judgment has been affirmed on appeal only after we grant permission. *Newman*, 2009 Ark. 539, 354 S.W.3d 61. A writ of error coram nobis is an extraordinarily rare remedy. *State v. Larimore*, 341 Ark. 397, 17 S.W.3d 87 (2000). Coram-nobis proceedings are attended by a strong presumption that the judgment of conviction is valid. *Westerman v. State*, 2015 Ark. 69, at 4, 456 S.W.3d 374, 376.

The victim, Charles Savage, Jr., testified at Evans's trial that on April 2, 2002, he stopped his SUV at a stop sign, and Evans entered the vehicle and put a gun to Savage's head. After having Savage drive down the street, Evans ordered him to stop and get out of

the vehicle. Evans searched the SUV while holding the gun on Savage, and he told Savage that if he moved, he would kill him. When Evans began to drive off in the vehicle, Savage ran after him, and Evans fired two shots at him, causing Savage to jump into a ditch. According to Savage, the entire episode lasted close to an hour. A police officer testified that the SUV was later recovered and had been burned.

Evans argued on direct appeal that the convictions for theft of property and aggravated robbery should be reversed because Savage was not a credible witness and there was no corroboration of his testimony. The court of appeals held that credibility was a question for the fact-finder and that the evidence presented by Savage, who identified Evans at trial as the perpetrator, was sufficient, in and of itself, to sustain the judgment.

Evans now contends that the State and the police concealed evidence that several witnesses had given "suspect identification" of him to the police and that Savage did not, in fact, identify Evans as the assailant as was falsely reported before his trial and as was testified to by the police at trial. Evans asserts that the concealment of the witnesses, none of whom are specifically identified, prevented him from questioning the witnesses at trial about the accuracy of the victim's identification and from subpoenaing the witnesses who could have cast doubt on his guilt. He alleges that the State's conduct constituted a violation of *Brady v. Maryland*, 373 U.S. 83 (1963), which is a ground for the writ.

A *Brady* violation is established when material evidence favorable to the defense is wrongfully withheld by the State. *Isom v. State*, 2015 Ark. 225, 462 S.W.3d 662. In *Strickler v. Greene*, 527 U.S. 263 (1999), the Supreme Court revisited *Brady* and declared that when the petitioner contends that material evidence was not disclosed to the defense, the

SLIP OPINION

petitioner must show that "there is a reasonable probability that, had the evidence been disclosed to the defense, the result of the proceeding would have been different." *Strickler*, 527 U.S. at 280 (quoting *United States v. Bagley*, 473 U.S. 667, 682 (1985)). To determine whether the proposed attack on the judgment is meritorious so as to warrant the granting of permission to reinvest jurisdiction in the trial court to pursue a writ of error coram nobis, this court looks to the reasonableness of the allegations in the petition and to the existence of the probability of the truth to those claims. *Isom*, 2015 Ark. 225, 462 S.W.3d 662. The mere fact, however, that a petitioner alleges a *Brady* violation is not sufficient to provide a basis for error-coram-nobis relief. *Camp v. State*, 2010 Ark. 226, 364 S.W.3d 7 (per curiam). The petitioner must show that the evidence alleged to have been withheld was both material and prejudicial and of such significance that it would have prevented rendition of the judgment had it been known at the time of trial. *Id.* It is a petitioner's burden to show that the writ is warranted. *Scott v. State*, 2009 Ark. 437 (per curiam). This court will grant permission for a petitioner to proceed with a petition for writ of error coram nobis only when it appears that the proposed attack on the judgment is meritorious. *Hogue v. State*, 2011 Ark. 496 (per curiam). We are not required to accept the allegations in a petition for writ of error coram nobis at face value. *Charland v. State*, 2013 Ark. 452 (per curiam).

Evans has not established a *Brady* violation; nor has he stated a ground within any of the other categories under which a writ of error coram nobis is proper. As stated, the function of the writ is to secure relief from a judgment rendered while there existed some fact that would have prevented its rendition if it had been known to the trial court and which, through no negligence or fault of the defendant, was not brought forward before

4

rendition of the judgment. The petitioner has the burden of demonstrating a fundamental error of fact extrinsic to the record. Evans's allegations that the State concealed evidence are conclusory in nature. He offers no factual substantiation that any specific, particular evidence was hidden from the defense at the time of trial. Rather, his claims seem to be based on his belief that the victim was not credible and that there might have been other persons who could have bolstered his defense that he was actually innocent of the offenses. Such conclusory claims concerning evidence omitted from the record are deficient as a basis for coram-nobis relief and do not establish that there is a reasonable probability that the outcome of the proceeding would have been different if the State had disclosed any particular evidence to the defense. For that reason, Evans has not stated a ground for the writ. *See Strickler*, 527 U.S. at 280; *see also Lacy v. State*, 2010 Ark. 388, 377 S.W.3d 227. A coram-nobis proceeding is not a means to contradict any fact already adjudicated in the trial court. *See Stenhouse v. State*, 2016 Ark. 295, at 4 (per curiam).

Evans devotes much of his petition to arguments concerning the physical description of the perpetrator, i.e., whether the man had dreadlocks or "low curl" hair, and his "street name." He points to contradictory trial testimony about the physical description and the street name and alleges that the contradictions indicate deception by the State. Evans argues at length that his actual description did not match the description originally provided by Savage to the police after the robbery. Evans contends that police officers were untruthful about the description and that the State falsified police reports to deceive the defense. Again, Evans provides no proof that the State falsified records or suborned perjury or otherwise acted to hide information from the defense concerning the issues.

In a related claim, Evans further alleges that the State withheld the names of the persons who provided his name to the State as a suspect in the investigation. As support of the claim, Evans asserts that the State informed the court at a November 3, 2002 probation-revocation hearing pertaining to prior convictions for other offenses that there was a police officer who had identified witnesses who could name Evans as "the suspect's match," but that the police officer, in contradiction, testified at Evans's trial in 2003 that it was Savage who had identified Evans as the assailant. It is clear from Evans's own allegation that Evans was aware in 2002 that there were persons who had identified him as a suspect or as the perpetrator, or may have offered information about him during the police investigation, indicating that those potential witnesses were not hidden from the defense prior to the 2003 trial. Further, his allegations do not establish that there was evidence withheld that meets the threshold requirements of a *Brady* violation that was both material and prejudicial such as to have prevented rendition of the judgment had it been known at the time of trial. *See Johnson v. State*, 2015 Ark. 170, at 5, 460 S.W.3d 790, 794 (per curiam).

With respect to Evans's allegations that witnesses at trial gave false testimony and withheld exculpatory evidence when they testified and that the State was aware of the witnesses' conduct, he has again provided no proof that the State knowingly utilized false testimony. Furthermore, we have held that a petitioner's allegation that a witness gave false testimony at trial does not give rise to a showing of fundamental error that requires issuance of the writ. *Pinder v. State*, 2015 Ark. 423, at 4, 474 S.W.3d 490, 493 (per curiam).

To the extent that the allegations could be considered claims that the evidence was insufficient to sustain the judgment, issues concerning the sufficiency of the evidence or the

credibility of witnesses are issues to be addressed at trial, and, when appropriate, on the record on direct appeal. *McArthur v. State*, 2014 Ark. 367, at 7, 439 S.W.3d 681, 686 (per curiam). The issues are not a basis for coram-nobis relief. *Philyaw v. State*, 2014 Ark. 130 (per curiam).

Petition and motion denied.