SLIP OPINION

Cite as 2017 Ark. 211

# SUPREME COURT OF ARKANSAS.
**No.** CR–10–6

| | |
|---|---|
| DANNY HENINGTON<br><br>                **PETITIONER**<br><br>V.<br><br>STATE OF ARKANSAS<br><br>                **RESPONDENT** | **Opinion Delivered** March 30, 2017<br><br>PRO SE PETITION TO REINVEST JURISDICTION IN THE TRIAL COURT TO CONSIDER A PETITION FOR WRIT OF ERROR CORAM NOBIS [BENTON COUNTY CIRCUIT COURT, NO. 04CR-07-1642]<br><br><br>PETITION DENIED. |

**PER CURIAM**

In 2009, petitioner Danny Henington was found guilty by a jury of the rape of a child and was sentenced to 432 months' imprisonment. The Arkansas Court of Appeals affirmed. *Henington v. State*, 2010 Ark. App. 619, 378 S.W.3d 196.

Henington subsequently filed in the trial court a petition for postconviction relief pursuant to Arkansas Rule of Criminal Procedure 37.1 (2016) that was denied. We affirmed the order. *Henington v. State*, 2012 Ark. 181, 403 S.W.3d 55.

On December 20, 2016, Henington filed in this court a pro se petition to reinvest jurisdiction in the trial court to consider a petition for writ of error coram nobis in the case. The petition for leave to proceed in the trial court is necessary because the trial court can entertain a petition for writ of error coram nobis after a judgment has been affirmed on appeal only after we grant permission. *Newman v. State*, 2009 Ark. 539, 354 S.W.3d 61. A writ of error coram nobis is an extraordinarily rare remedy. *State v. Larimore*, 341 Ark. 397, 17 S.W.3d 87 (2000). Coram nobis proceedings are attended by a strong presumption that

SLIP OPINION

the judgment of conviction is valid. *Green v. State*, 2016 Ark. 386, 502 S.W.3d 524; *Westerman v. State*, 2015 Ark. 69, at 4, 456 S.W.3d 374, 376; *Roberts v. State*, 2013 Ark. 56, 425 S.W.3d 771. The function of the writ is to secure relief from a judgment rendered while there existed some fact that would have prevented its rendition if it had been known to the trial court and which, through no negligence or fault of the defendant, was not brought forward before rendition of the judgment. *Newman*, 2009 Ark. 539, 354 S.W.3d 61. The petitioner has the burden of demonstrating a fundamental error of fact extrinsic to the record. *Roberts*, 2013 Ark. 56, 425 S.W.3d 771.

The writ is allowed only under compelling circumstances to achieve justice and to address errors of the most fundamental nature. *Id.* A writ of error coram nobis is available for addressing certain errors that are found in one of four categories: (1) insanity at the time of trial, (2) a coerced guilty plea, (3) material evidence withheld by the prosecutor, or (4) a third-party confession to the crime during the time between conviction and appeal. *Howard v. State*, 2012 Ark. 177, 403 S.W.3d 38.

As grounds for issuance of the writ, Henington contends that he was denied effective assistance of counsel at his trial and that the trial court erred by failing to "bring forward" certain evidence and by admitting into the record evidence that was inadmissible. The assertions do not establish a ground for the writ.

This court has repeatedly held that ineffective-assistance-of-counsel and trial-error claims are not grounds for the writ. *Green v. State*, 2016 Ark. 386, 502 S.W.3d 524; *White v. State*, 2015 Ark. 151, 460 S.W.3d 285. Claims of ineffective assistance of counsel are properly raised in a timely petition for postconviction relief pursuant to Arkansas Rule of

Criminal Procedure 37.1 (2016). *Mason v. State*, 2014 Ark. 288, 436 S.W.3d 469 (per curiam). A petition for writ of error coram nobis is not a substitute for raising an issue under Rule 37.1. *Travis v. State*, 2014 Ark. 82 (per curiam).

As to the allegations of trial error, by its very nature, an issue concerning a trial court's ruling could have been settled in the trial court and on the record on direct appeal. Accordingly, the allegation that the trial court made some mistake in its rulings, including rulings concerning the admissibility of evidence, is not within the purview of a coram nobis proceeding. *Mason*, 2014 Ark. 288, 436 S.W.3d 469. Also, some of the arguments of trial error raised in this petition were raised on direct appeal. A coram nobis proceeding is not a forum for the petitioner to relitigate appeal issues. *Ventress v. State*, 2015 Ark. 181, 461 S.W.3d 313 (per curiam); *see also Watts v. State*, 2013 Ark. 485 (per curiam) (This court does not consider in a coram nobis action allegations that are an attempt to reargue issues addressed on appeal.).

Henington next contends that there was prosecutorial misconduct in his trial because the State failed to bring forth the documentation that would have shown Henington to be not guilty. Henington's claims do not establish the existence of some fact extrinsic to the record that was concealed from the defense by the State. The petitioner seeking to reinvest jurisdiction in the trial court to proceed with a coram nobis petition bears the burden of presenting facts to support the claims for the writ because an application for the writ must make a full disclosure of specific facts relied on and not merely state conclusions as to the nature of such facts. *Howard*, 2012 Ark. 177, 403 S.W.3d 38; *see also Cloird v. State*, 357 Ark. 446, 182 S.W.3d (2004). Henington's assertions of prosecutorial misconduct are the

type that could have been raised at trial; therefore, he has not asserted a ground for the writ. *See Chatmon v. State*, 2015 Ark. 417, 473 S.W.3d 542 (per curiam).

Henington further argues that the evidence adduced at his trial was not sufficient to sustain the jury's verdict and that there was evidence that could have been adduced at trial to prove his innocence if trial counsel and the trial court had permitted the available evidence to be presented to the jury. Such arguments constitute a challenge to the sufficiency of the evidence. We have held that issues concerning the sufficiency of the evidence are not cognizable in coram nobis proceedings because the question of the sufficiency of the evidence is to be settled at trial and on the record on direct appeal. *Philyaw v. State*, 2014 Ark. 130 (per curiam).

To the degree that it could be said that Henington is claiming that the trial court was biased, to state a ground for the writ on the basis of judicial bias, a petitioner must show that there was a reasonable probability that he would not have been convicted if an unbiased judge had served, and an allegation of the mere appearance of impropriety is not sufficient. *Chatmon v. State*, 2015 Ark. 417, at 3, 473 S.W.3d 542, 545 (per curiam). A petitioner does not make the necessary showing of fundamental error to support relief where there is no demonstration of actual bias. *Id*. Henington's allegations are founded on whether Henington agreed with the trial court's rulings rather than a showing of actual bias. *See Trimble v. State*, 316 Ark. 161, 871 S.W.2d 562 (1994) (holding that it was not error to decline to issue the writ even where there was an appearance of impropriety when the petitioner demonstrated no prejudice from the alleged bias).

Petition denied.