John Dan Kemp, Chief Justice
Petitioner Danny Henington brings a second petition to reinvest jurisdiction in the trial court to file a petition for writ of error coram nobis. This court denied his first such petition in 2017. Henington v. State , 2017 Ark. 111, 515 S.W.3d 577 (per curiam), reh'g denied (May 4, 2017), cert. denied , --- U.S. ----, 138 S.Ct. 340, 199 L.Ed.2d 227 (2017). In the petition, Henington contends that the State failed to disclose exculpatory evidence to the defense *521 before trial and that the trial court erred in the admission of evidence. As we find no merit to the allegations and further find that Henington did not exercise due diligence in bringing his claims, the petition is denied.
I. Nature of the Writ
The petition for leave to proceed in the trial court is necessary because the trial court can entertain a petition for writ of error coram nobis after a judgment has been affirmed on appeal only after we grant permission. Newman v. State , 2009 Ark. 539, 354 S.W.3d 61. A writ of error coram nobis is an extraordinarily rare remedy. State v. Larimore , 341 Ark. 397, 17 S.W.3d 87 (2000). Coram nobis proceedings are attended by a strong presumption that the judgment of conviction is valid. Green v. State , 2016 Ark. 386, 502 S.W.3d 524. The function of the writ is to secure relief from a judgment rendered while there existed some fact that would have prevented its rendition if it had been known to the trial court and which, through no negligence or fault of the defendant, was not brought forward before rendition of the judgment. Newman , 2009 Ark. 539, 354 S.W.3d 61. The petitioner has the burden of demonstrating a fundamental error of fact extrinsic to the record. Roberts v. State , 2013 Ark. 56, 425 S.W.3d 771.
II. Grounds for the Writ
The writ is allowed only under compelling circumstances to achieve justice and to address errors of the most fundamental nature. Id. A writ of error coram nobis is available for addressing certain errors that are found in one of four categories: (1) insanity at the time of trial, (2) a coerced guilty plea, (3) material evidence withheld by the prosecutor, or (4) a third-party confession to the crime during the time between conviction and appeal. Howard v. State , 2012 Ark. 177, 403 S.W.3d 38.
III. Background
In 2009, a jury found Henington guilty of the rape of a five-year-old girl in 2007 and was sentenced to 432 months' imprisonment. The Arkansas Court of Appeals affirmed. Henington v. State , 2010 Ark. App. 619, 378 S.W.3d 196. He subsequently filed in the trial court a petition for postconviction relief pursuant to Arkansas Rule of Criminal Procedure 37.1 (2009) that was denied. We affirmed the order. Henington v. State , 2012 Ark. 181, 403 S.W.3d 55.
IV. Claims for Issuance of the Writ
As his first ground for issuance of the writ, Henington contends that the prosecutor committed misconduct and violated Brady v. Maryland , 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963), by failing to engage in the discovery process and disclose all evidence known to the State that was favorable to the defense.[1] The mere fact that a petitioner alleges a Brady violation is not sufficient to provide a basis for error coram nobis relief. Wallace v. State , 2018 Ark. 164, 545 S.W.3d 767 ; see also Penn v. State , 282 Ark. 571, 670 S.W.2d 426 (1984) (a mere naked allegation *522 that a constitutional right has been invaded will not suffice to warrant coram nobis relief). To establish a Brady violation, the petitioner must satisfy three elements: (1) the evidence at issue must be favorable to the accused, either because it is exculpatory or because it is impeaching; (2) that evidence must have been suppressed by the State, either willfully or inadvertently; (3) prejudice must have ensued. Howard , 2012 Ark. 177, 403 S.W.3d 38. The specific exculpatory evidence that Henington contends was not disclosed by the State was a police report dated June 26, 2000, that described the investigation of the alleged molestation of another young girl, D.W. D.W. testified at Henington's trial in 2009 under the "pedophile exception" in Arkansas Rule of Evidence 404(b) to the general rule that evidence of a defendant's prior bad acts cannot be used to prove that the defendant committed the charged crime. D.W. testified that Henington had molested her when she was approximately the same age as the child he was accused of raping and in a manner similar to the conduct described by the victim. Henington states that the 2000 report was mentioned several times at trial, but it was never provided to the defense or introduced into evidence at trial. He contends that the information in the report differed from D.W.'s trial testimony and that of her mother and that the outcome of the trial would have been different had the defense had the report to use in cross-examining D.W. and her mother to cast doubt on D.W.'s account of the molestation and to generally impeach the witnesses. He points out that he was not charged with any offense with respect to D.W. and argues that there were many facts that indicate D.W.'s and her mother's testimony was inaccurate; that is, he argues that there was no substantial evidence to demonstrate that he had committed acts with D.W. that were similar to those acts described by the victim at his trial.
Henington has not established a Brady violation. He concedes that the report was mentioned at trial; therefore, it cannot be said that the report was concealed from the defense at the time of trial. A copy of the 2000 police report could have been sought out by the defense that was clearly aware of it. Accordingly, Henington did not meet his threshold burden of demonstrating a fundamental error of fact extrinsic to the record that was concealed from the defense.[2] See Williams v. State , 2017 Ark. 313, 530 S.W.3d 844.
Further, Henington asserts that the writ should issue because he can prove that he did not molest D.W. and therefore she should not have been allowed to testify in his trial under Rule 404(b). It appears that the crux of Henington's allegation is not that there was a true Brady violation, but rather that he is entitled to issuance of the writ because the defense did not obtain a physical copy of the report and use it to challenge witness credibility and prove that he did not commit a similar offense with D.W. Regardless of whether the information that Henington refers to in his petition was, or was not, brought out in *523 cross-examination, the issue of whether a particular witness was credible is not, in itself, within the purview of the writ as a legal remedy. Grady v. State , 2017 Ark. 245, 525 S.W.3d 1. The writ will not lie to retry the defendant or to reexamine the strength of the evidence adduced at trial. Carner v. State , 2018 Ark. 20, 535 S.W.3d 634. We have repeatedly held that attacks on witness credibility and the sufficiency of the evidence are outside the scope of a coram nobis proceeding. Jackson v. State , 2017 Ark. 195, 520 S.W.3d 242.
Henington also contends that the trial court made errors in its admission of evidence at his trial. By its very nature, a question concerning a trial court's ruling could have been settled in the trial court and on the record on direct appeal. Accordingly, the allegation that the trial court made some mistake in its rulings, including rulings concerning the admissibility of evidence, is not within the purview of a coram nobis proceeding. Mason v. State , 2014 Ark. 288, 436 S.W.3d 469.
V. Petitioner's Failure to Act with Due Diligence
The State argues in its response to Henington's petition that he failed to exercise due diligence in bringing this second coram nobis petition. We agree. We have consistently held that due diligence is required in making an application for coram nobis relief, and in the absence of a valid excuse for delay, the petition can be denied on that basis alone. Green , 2016 Ark. 386, 502 S.W.3d 524. This court will itself examine the diligence requirement and deny a petition when it is evident that a petitioner failed to proceed diligently. Roberts , 2013 Ark. 56, 425 S.W.3d 771. Due diligence requires that (1) the defendant be unaware of the fact at the time of trial; (2) the defendant could not have, in the exercise of due diligence, presented the fact at trial; and (3) upon discovering the fact, the defendant did not delay bringing the petition. Mosley v. State , 2018 Ark. 152, 544 S.W.3d 55. The only ground for coram nobis relief raised by Henington that is within the scope of the writ is the claim that the State violated Brady. Because the Brady claim pertained to a police report that Henington knew about at the time of trial, Henington has not established that the issue concerning the availability of the report could not have, in the exercise of due diligence, been presented at trial.
Petition denied.

Henington also raised the claim in his first coram nobis petition that there was prosecutorial misconduct in his trial because the State failed to bring forth the documentation that would have shown that Henington was not guilty. We held that Henington's assertions of prosecutorial misconduct did not establish the existence of some fact extrinsic to the record that was concealed from the defense by the State, and his assertions were the type that could have been raised at trial, and, therefore, he had not asserted a ground for the writ. Henington , 2017 Ark. 111, at 3, 515 S.W.3d 577, 580.

Henington appended to his petition exhibits such as letters pertaining to the decision not to file charges on the allegation concerning D.W., docket sheets, marriage licenses, a divorce decree, court docket sheets, and court orders. The documents listed are matters of public record that were readily obtainable by the defense. Matters of public record are not subject to being hidden by the State in violation of Brady. See Wallace , 2018 Ark. 164, 545 S.W.3d 767. To the degree that Henington may be contending that it was the State's burden to gather the documents that he presents as exhibits and provide them to the defense before trial, Brady does not require the State to conduct research and provide that research to the defense. See Jefferson v. State , 2017 Ark. 293, 528 S.W.3d 830.