JOSEPHINE LINKER HART, Associate Justice
Billy Jack Kain Jr. filed a petition for writ of error coram nobis in the Craighead County Circuit Court, where he previously pled guilty to one count of rape in 1995. His petition alleged, inter alia , that the 1995 guilty plea was coerced. The circuit court denied Kain's petition without a hearing, and Kain appealed. On appeal, the State argues that the allegations Kain raised in his petition to the circuit court below have already been addressed in previous cases, that Kain has included additional documents in his brief that were not included in his petition to the circuit court *468 or otherwise contained in the record, and that Kain has failed to establish a ground upon which the writ may issue. We affirm.
I. Writ of Error Coram Nobis
The function of the writ of error coram nobis is to secure relief from a judgment rendered while there existed some fact that would have prevented its rendition if it had been known to the circuit court and which, through no negligence or fault of the defendant, was not brought forward before rendition of the judgment. Henington v. State , 2017 Ark. 111, at 2, 515 S.W.3d 577, 579. This court has held that a writ of error coram nobis is available for addressing certain errors that are found in one of four categories: (1) insanity at the time of trial, (2) a coerced guilty plea, (3) material evidence withheld by the prosecutor, or (4) a third-party confession to the crime during the time between conviction and appeal. Id.
Normally, an appellant must first seek permission in this court to proceed in the circuit court with a petition for writ of error coram nobis. See, e.g. , McJames v. State , 2010 Ark. 74, 2010 WL 569752. However, where the judgment of conviction was entered on a plea of guilty or nolo contendere, the petition for writ of error coram nobis is first filed directly with the circuit court. Id.
II. Kain's Error Coram Nobis Petition
On appeal, Kain asserts several arguments to warrant issuance of the writ of error coram nobis, but the only issue that was raised in his petition to the circuit court and preserved for our review is his coerced guilty plea argument.[1] Kain's allegation is that, while he was innocent of the 1995 rape conviction, he pled guilty pursuant to advice of counsel after the prosecution spoke with Kain's attorneys on the morning set for trial. Kain asserts that the prosecution showed Kain's attorneys a "Suspended Imposition of Sentence Order" relating to a kidnapping charge from a 1984 prosecution against Kain in which he had also been charged with rape. It is undisputed that Kain pled nolo contendere to the 1984 rape charge, after which he entered custody of the Arkansas Department of Correction (the ADC) and was later released on parole, but as will be explained in greater detail later in this opinion, the disposition of the 1984 kidnapping charge is disputed.
According to Kain, at the meeting with his attorneys on the morning of trial in 1995, the prosecution threatened that if Kain elected to proceed to trial, the prosecution would pursue a revocation of the suspended sentence on the previously filed kidnapping charge and would then seek a life sentence on that charge. Presented with an offer of forty years on the 1995 rape charge that his counsel advised him to accept, Kain pled guilty in exchange for the prosecution declining to pursue the revocation of the suspended sentence on the 1984 kidnapping charge. Kain's allegation here is that in 2015, he learned that the 1984 kidnapping charge had already been nolle prossed when he pled nolo contendere to the accompanying 1984 rape charge. Therefore, Kain argues, his guilty plea on the 1995 rape charge was coerced, as he pled guilty only under duress of the prosecution's threat to pursue a revocation on the prior kidnapping charge when the prosecution had no legitimate legal basis on which to pursue such an action.
III. Procedural Arguments
The State raises a number of procedural arguments as to why this court *469 should not consider Kain's claim. We first address the State's argument that Kain's allegation has already been addressed in previous cases.
First, the State points to Kain's Rule 37 proceedings. Shortly after Kain pled guilty to rape in 1995, on March 23, 1995, Kain filed a Rule 37 petition alleging ineffective assistance of counsel. Kain was appointed counsel for the Rule 37 proceedings, and the circuit court held a hearing on November 3, 1995. Kain's appointed counsel's argument focused on whether the previous kidnapping charge, for which sentencing was purportedly suspended in 1984, was of the Class Y variety (which would tend to legitimize the advice of Kain's trial counsel that he would receive a life sentence on the parole revocation for the 1984 kidnapping charge if he went to trial on the 1995 rape charge) or whether the kidnapping charge was of the Class B variety (which would tend to delegitimize the advice of Kain's trial counsel's because there was not the same threat of a life sentence on the parole revocation). Ultimately, the circuit court denied Kain's Rule 37 petition, but the proceeding addressed only whether the kidnapping charge should have been of the Class Y or the Class B variety. The Rule 37 proceedings did not in any way address whether the kidnapping charge had actually been nolle prossed.
The State also brings to our attention an error coram nobis petition that Kain previously filed in the Craighead County Circuit Court on February 15, 2011. That error coram nobis petition is not contained in the record here, but the State's response and the circuit court's order disposing of it are. From these filings, it appears that Kain filed the first error coram nobis action after the ADC notified him in 2010 that he would not be eligible for parole on the 1995 rape charge, contrary to what Kain had allegedly been told by the ADC up until that point. The State's response and the circuit court's order indicate that Kain was raising the issue of his parole eligibility in terms of an ineffective-assistance-of-counsel argument, asserting that he only pled guilty to the rape charge in 1995 with his attorney's assurances that he would be eligible for parole. However, Kain argued, he had since been informed by the ADC that he would not be eligible for parole, and therefore his trial counsel was ineffective for failing to properly advise him as to the implications of his plea. The circuit court's order, in addressing the timeliness of Kain's petition, noted as follows:
In this case, the Petition for Writ of Error Coram Nobis was filed February 15, 2011-16 years after his plea of guilty. Petitioner alleges, however, that he was not aware of the issues raised in his petition - namely that he would not be eligible for parole after a certain time period - until that time came and went without being paroled. Petitioner states that he initially had a transfer eligibility date of April 10, 2005, and that he received "six one-year denials thereafter from the parole board." But he further states it was not until June 15, 2010, that he received a Time Computation Card "reflecting the application of Act 1805[2 ] to Petitioner's sentence for the first time."
*470 The circuit court ultimately denied Kain's petition because the transcript from the 1995 sentencing hearing contained no mention by the court or any party that Kain would be eligible for parole, and because ineffective assistance of counsel is not a cognizable ground for error coram nobis. The 2011 error coram nobis proceedings did not in any way address whether the kidnapping charge had already been nolle prossed.
Then, on August 26, 2016, the petitioner filed a "Motion for Error Coram Nobis" with the circuit court, which would eventually give rise to the present appeal. In this case, Kain's petition asserted a "coerced guilty plea" as to the 1995 rape conviction, specifically in terms of his plea being extracted under threat of legal action that the prosecution lacked authority to pursue. His petition alleges:
Petitioner was coerced into pleading guilty to a crime not knowing the evidence the State was to use against him and with the threat of a life sentence if he were to go to trial.
....
First Petitioner has consistently maintained that Petitioner's counsel coerced the plea bargain by informing him that he would receive a life sentence should he take his case to trial. Petitioner's counsel used as their motivation a possible revocation hearing that the prosecution was seeking on a previous kidnapping charge. Petitioner's counsel however failed to investigate the fact that the kidnapping charge had been nolle prosecutor and was dropped as a result of the previous plea agreement.
....
Petitioner concedes the fact that ineffective assistance of counsel is not cognizant in a writ for error coram nobis. However, his plea agreement is.
[End of excerpt. ]
The circuit court denied this error coram nobis petition as well, and Kain now appeals to this court from that denial. Accordingly, the State's first argument is unavailing, as this is the first set of proceedings in which Kain has asserted that the 1984 kidnapping charge had been nolle prossed as a basis for claiming that his 1995 plea was coerced.
A second procedural issue asserted by the State is that Kain has included additional documents in his brief to support his claim on appeal that were not included in his petition to the circuit court or otherwise contained in the record. Indeed, Kain has attached certain documents titled Exhibits A, B, C, and D to his brief's addendum that were not attached to his petition below or otherwise contained in the record. Without addressing the substance of these documents, it is fair to say that Kain is offering these documents to bolster his assertion that the 1995 guilty plea was coerced.
Arkansas Supreme Court Rule 4-7(c) does contain mechanisms to supplement the addendum in postconviction appeals when the appellant omits something from the addendum that is otherwise available in the record below, but when the appellant's addendum adds new documents that were not before the circuit court or otherwise contained in the record, this court may not consider them. See, e.g. , Darrough v. State , 2013 Ark. 28, 1, 2013 WL 409690 ("This court has long and consistently held that it cannot, in the exercise of its appellate jurisdiction, receive testimony or consider anything outside of the record below.").
*471 Furthermore, for purposes of error coram nobis, "it is a petitioner's burden to show that the writ is warranted." Evans v. State , 2016 Ark. 377, at 4, 501 S.W.3d 819, 822. "This court will grant permission for a petitioner to proceed with a petition for writ of error coram nobis only when it appears that the proposed attack on the judgment is meritorious." Id. "We are not required to accept the allegations in a petition for writ of error coram nobis at face value." Id.
When we remove Exhibits A-D from consideration, as the law requires for purposes of our review in this case, the assertions in Kain's petition to the circuit court were supported only by his own self-serving descriptions of what allegedly occurred decades before in 1984 and in 1995. "Coram nobis proceedings are attended by a strong presumption that the judgment of conviction is valid," Henington , 2017 Ark. 111 at 1-2, 515 S.W.3d at 579, and under these circumstances, we cannot say the circuit court abused its discretion in denying Kain's petition. Accordingly, the circuit court's decision is affirmed.
Wood, J., concurs.

Kain's brief also alleges certain Brady violations, but this court's review is limited to the coerced-guilty-plea allegation that was contained in Kain's petition to the circuit court.

It is unclear what the circuit court's order is alluding to. Kain's plea proceedings took place in 1984 and 1995. Act 1805 became effective in 2001. The law is well settled that parole eligibility is determined by the laws in effect at the time of the commission of the offense. Pitts v. Hobbs , 2013 Ark. 457, at 3, 2013 WL 5968940 ; see also Bosnick v. Lockhart , 283 Ark. 206, 207, 672 S.W.2d 52, 53 (1984) ("The appellant contends that the application of the [subsequently enacted parole-eligibility law] is a violation of the ex post facto provisions of the Arkansas and U.S. Constitutions because that act was not in effect at the time his crime was committed. We agree.").